# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANGELITA VALLE**, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 14 C 2075<br>) |
| **INSURE ON THE SPOT SERVICES**,<br>**MICHAEL G. KARIOTIS**, Individually,<br>**BETTY ABBATE**, Individually, and<br>**JOANNE ROMANSKA**, Individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Defendants in this action brought under the Fair Labor Standards Act, the Portal-to-Portal Act, the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act have filed their Answer to this action brought against them by Angelita Valle ("Valle"), an employee of defendant Insure On the Spot Services ("Services"), on her own behalf and on behalf of potential opt-in plaintiffs and class action plaintiffs. This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.[1]

First, Answer ¶ 4a manages to pack two pleading defects into its scant three typewritten lines. For one thing, its undifferentiated combination of a denial with an attempted (though defective) disclaimer provides no information as to just which of Valle's allegations are denied and which are merely disclaimed. And for another, in the latter (disclaimer) respect, defense counsel have inexplicably and improperly departed from the plain roadmap prescribed by

---

[1] This memorandum order should not be misunderstood as necessarily exhaustive -- it reflects only some obvious matters that have emerged from a preliminary screening of the Answer.

Fed. R. Civ. P. 8(b)(5) as the requirement to permit the evidence of both an outright admission and an outright denial.

Next, when it comes to the allegations in Count I ¶ 15 and Count V ¶¶ 24, 26 and 27, once again defense counsel have engaged in not one but two impermissible locutions. As to each of the statutes referred to in those paragraphs, the answers simply wrongfully assert that the statute "speaks for itself" -- in that respect, see App'x ¶ 3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). And the other impropriety is an unacceptable denial of any of the Complaint's allegations "inconsistent therewith" -- a response that provides no information to the reader as to just what defense counsel are complaining about.

All of the paragraphs of the Answer referred to in this memorandum order are accordingly stricken, with leave granted to file an amendment to the Answer curing the flaws spoken of here on or before June 6, 2014. Failure to file such a curative amendment will cause the corresponding allegations of the Complaint to be treated as having been admitted.

No charge may be made to Services by its counsel for the added work and expense incurred in correcting counsel's errors. Service's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: May 23, 2014